IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL WAGNER, | ) | CIVIL NO. 09-00600 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | DISMISS PLAINTIFF'S CLAIM FOR |
| | ) | PUNITIVE DAMAGES UNDER THE |
| KONA BLUE WATER FARMS, | ) | JONES ACT |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES UNDER THE JONES ACT

On December 16, 2009, Plaintiff Michael Wagner ("Plaintiff") filed a

Complaint alleging maritime personal injury claims against his employer

Defendant Kona Blue Water Farms, LLC ("Defendant") for injuries he allegedly

incurred during the scope of his employment as a diver.  Plaintiff alleges a Jones

Act negligence claim, general maritime claims for unseaworthiness and

maintenance and cure, and a claim for vessel owner negligence.  Plaintiff seeks

punitive damages.

Defendant contends that punitive damages are not recoverable, as a

matter of law, under a Jones Act negligence claim.  Defendant therefore asks the

court to dismiss Plaintiff's prayer for punitive damages as to that claim.  In

opposition, Plaintiff relies on the recent decision in *Atlantic Sounding Co. v. Townsend*, --- U.S. ----, 129 S. Ct. 2561 (2009) -- which Plaintiff argues permits him to pursue punitive damages on his Jones Act claim.  For the following reasons, the court disagrees with this broad interpretation of *Townsend* and GRANTS Defendant's Motion to dismiss the punitive damages claim under the Jones Act.

## I.  BACKGROUND

Plaintiff alleges that in the course of his employment as a commercial diver he suffered "repeated, severe, and permanently disabling barotrauma to his ears resulting in bouts of severe vertigo, binaural hearing loss and tinnitus" as a result of Defendant's negligence.  Compl. ¶ 9.  Plaintiff alleges that his cumulative ear injuries have caused and will continue to cause him physical, mental, and emotional pain and suffering.  *Id*.

In his Complaint, Plaintiff alleges Jones Act negligence (Count I), a general maritime claim for unseaworthiness (Count II), a general maritime claim for maintenance and cure (Count III), and vessel owner negligence (Count IV). Plaintiff alleges that he is entitled to an award of punitive damages "by virtue of the aggravated acts and omissions set forth in Paragraphs 8, 17, 20, and 23" of the

Complaint.[1]  *Id.* ¶ 12.  Paragraphs 8, 17, 20, and 23 of the Complaint reference

Plaintiff's four counts respectively -- paragraph 8 concerns Jones Act negligence,

paragraph 17 concerns unseaworthiness, paragraph 20 concerns maintenance and

cure, and paragraph 23 concerns vessel owner negligence.[2]

On February 11, 2010, Defendant filed its Motion, styled as a motion

to strike pursuant to Federal Rule of Civil Procedure 12(f).  On April 8, 2010,

Plaintiff filed an Opposition.  On April 19, 2010, Defendant filed a Reply.  A

hearing was held on May 3, 2010, and the court issued an order granting

Defendant's Motion on May 6, 2010.

Subsequently, *Whittlestone, Inc. v. Handi-Craft Co.*,--- F.3d ---, 2010

WL 3222417, at *3-4 (9th Cir. Aug. 17, 2010), held that Rule 12(f) "does not

authorize a district court to strike a claim for damages on the ground that such

damages are precluded as a matter of law," "because a Rule 12(b)(6) motion (or a

motion for summary judgment at a later stage in the proceedings) already serves

such a purpose."  Accordingly, the parties stipulated that Defendant's Motion is

---

[1]  During the May 3, 2010 hearing, Plaintiff stated that he is no longer seeking punitive damages as to his maintenance and cure claim, but is seeking punitive damages as to the other three claims.  In this Order, the court only addresses the availability of punitive damages under Plaintiff's Jones Act claim.

[2]  The court rejects Defendant's argument that the Complaint seeks punitive damages only under the Jones Act claim.  Although the Complaint could be clearer, it seeks punitive damages as to all claims.

amended to be deemed brought pursuant to Rule 12(b)(6) instead of Rule 12(f).

*See* Doc. No. 42.  The court therefore withdrew its previous Order and now

addresses Defendant's Motion under Rule 12(b)(6).

## II.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans*

*Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must

accept as true all of the allegations contained in the complaint -- "is inapplicable to

legal conclusions."  *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do

not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit

the court to infer "the mere possibility of misconduct" do not show that the pleader

is entitled to relief as required by Rule 8.  *Id.* at 1950.

## III. DISCUSSION

**A.     Early Legal Framework of Jones Act Negligence**

Enacted in 1920, the Jones Act provides seamen with a negligence cause of action against their employers.  Following a revision in 2006, the Jones Act provides:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

46 U.S.C. § 30104.[3]  The relevant provisions governing suits by railway employees are found in the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, which provides for a cause of action "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of [every common carrier or railroad], or by reason of any defect or insufficiency, due to its negligence, in its . . . equipment."  45 U.S.C. § 51.

Prior to *Townsend*, 129 S. Ct. 2561 -- discussed in detail below --

---

[3]  Although Congress modified the wording of the Jones Act in 2006, the changes were not substantive; the Historical and Statutory notes to 46 U.S.C. § 30104 explain that the language changes were made for "clarity" as well as to "eliminate unnecessary words."

courts have consistently interpreted the Jones Act as precluding recovery for
punitive damages.  *Kopczynski v. The Jacqueline*, 742 F.2d 555 (9th Cir. 1984),
reached this conclusion based on the Supreme Court's determination in two 1913
cases that FELA only permits recovery for pecuniary damages -- which the Ninth
Circuit also referred to as compensatory damages.  *Kopczynski*, 742 F.2d at 560
(citing *Mich. Cent. R.R. Co. v. Vreeland*, 227 U.S. 59, 71-72 (1913); *Gulf, Colo. &
Sante Fe R.R. Co. v. McGinnis*, 228 U.S. 173, 175-76 (1913)).  Noting that the
Jones Act incorporates by reference the standards of FELA and that punitive
damages are non-pecuniary, the Ninth Circuit determined that punitive damages
are not available under Jones Act negligence claims.  *Id.* at 560-61.  The Ninth
Circuit reiterated this position in *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347
(9th Cir. 1987), *modified on other grounds*, 866 F.2d 318 (9th Cir. 1989), stating
that "[p]unitive damages are non-pecuniary damages unavailable under the Jones
Act."

   The Supreme Court distinguished pecuniary and nonpecuniary
damages in the maritime law context in *Miles v. Apex Marine Corp.*, 498 U.S. 19
(1990), when the Court held that the families of seamen could not recover damages
for loss of society.  Specifically, the court held that there is no recovery for loss of
society in either a Jones Act wrongful death action or a general maritime action for

the wrongful death of a Jones Act seamen.  In so holding, *Miles* emphasized the

importance of congressional intent:

> We no longer live in an era when seamen and their loved
> ones must look primarily to the courts as a course of
> substantive legal protection from injury and death;
> Congress and the States have legislated extensively in
> these areas.  In this era, an admiralty court should look
> primarily to these legislative enactments for policy
> guidance.  We may supplement these statutory remedies
> where doing so would achieve the uniform vindication of
> such policies consistent with our constitutional mandate,
> but we must also keep strictly within the limits imposed
> by Congress.

*Miles*, 498 U.S. at 27.

In reaching its decision concerning Jones Act wrongful death actions,

the Court followed a similar approach to the Ninth Circuit's decision in

*Kopczynski*.  Specifically, *Miles* examined the Jones Act's recovery limitations by

looking to the damages restrictions imposed by FELA.  The Court noted that "the

Jones Act does not explicitly limit damages to any particular form," but reasoned

that damages were in fact restricted because by "[i]ncorporating FELA unaltered

into the Jones Act, Congress must have intended to incorporate the pecuniary

limitation on damages as well."  *Id.* at 32 (citing *Vreeland*, 227 U.S. at 69-71).

Thus, the Court found that the families of seamen could not recover damages for

loss of society under the Jones Act.

7

*Miles* then determined that families of seamen likewise could not recover damages for loss of society in a general maritime action because such a recovery would be at odds with the Jones Act.  The Court found that "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence."  *Id*. at 32-33.  By barring recovery for loss of society in both Jones Act and general maritime actions, the Court "restore[d] a uniform rule applicable to all actions for the wrongful death of a seaman, whether under [the Death of the High Seas Act], the Jones Act, or general maritime law."  *Id*. at 33.

Although *Miles* did not address punitive damages, courts have uniformly interpreted *Miles* as precluding plaintiffs from recovering punitive damages in Jones Act claims.  *See*, *e.g.*, *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995), *abrogated by Townsend*, 129 S. Ct. 2561; *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 202-03 (1st Cir. 1994); *Miller v. Am. President Lines*, 989 F.2d 1450, 1454-59 (6th Cir. 1993); *Anderson v. Texaco, Inc.*, 797 F. Supp. 531, 534 (E.D. La. 1992) ("[T]he post-*Miles* district court cases, in this district and in others, speak with one voice in concluding that punitive damages are nonpecuniary and, therefore, are not recoverable under *Miles*'s interpretation of the Jones Act.")

(collecting cases).  Thus, courts have found that "[t]he analytical framework of *Miles* governs our approach to deciding damages issues in general maritime actions. . . .  If the situation is covered by [the Jones Act], and the statute informs and limits the available damages, the statute directs and delimits the recovery available under the general maritime law as well."  *Guevara*, 59 F.3d at 1506.

## B.    Recent Legal Framework of Jones Act Negligence

Two recent Supreme Court decisions draw into question whether the lower courts have correctly interpreted *Miles* and -- more significantly to the present case -- whether *Kopczynski*'s holding that punitive damages may not be awarded on Jones Act negligence claims is still good law.

First, the Supreme Court considered punitive damages in the maritime context in *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2626 (2008), where it upheld a punitive damages award based solely on federal maritime common law. *Baker* did not address the rights of seamen -- instead, the Court upheld a jury's punitive damage award for commercial fishermen and native Alaskans who suffered economic losses following the 1989 Exxon oil spill off the coast of Alaska.  The Court found that *Miles* did not present a bar to such a punitive award:

> To be sure, "Congress retains superior authority in these
> matters," and "[i]n this era, an admiralty court should
> look primarily to these legislative enactments for policy
> guidance."  [*Miles*, 498 US. at 27].  But we may not

> slough off our responsibilities for common law remedies
> because Congress has not made a first move, and the
> absence of federal legislation constraining punitive
> damages does not imply a congressional decision that
> there should be no quantified rule.

*Baker*, 128 S. Ct. at 2630 n.21 (some citations omitted).

Next, in *Townsend*, the Court held that a seamen, as a matter of general maritime law, could seek punitive damages in a maintenance and cure claim. *Townsend*, 129 S. Ct. at 2565. In so holding, the Court found that *Miles* does not limit a seaman's recovery to only those damages available by statute. The Court explained, "Historically, punitive damages have been available and awarded in general maritime actions, including some in maintenance and cure. We find that nothing in *Miles* or the Jones Act eliminates that availability." *Id*. The Court first established three "settled legal principles":

> First, punitive damages have long been available at
> common law. Second, the common-law tradition of
> punitive damages extends to maritime claims. And third,
> there is no evidence that claims for maintenance and cure
> were excluded from this general admiralty rule. Instead,
> the pre-Jones Act evidence indicates that punitive
> damages remain available for such claims under the
> appropriate factual circumstances.

*Id*. at 2569. The Court then examined the Jones Act to determine if it overturned the common law rule permitting recovery of punitive damages.

*Townsend* concluded that the Jones Act does not preclude a seaman's

10

recovery of punitive damages in a maintenance and cure action.  The Court found

that the Jones Act "created a statutory cause of action for negligence, but it did not

eliminate pre-existing remedies available to seamen . . . ."  *Id*. at 2570.  The Jones

Act is therefore "not an exclusive remedy" and it "necessarily follows that

Congress was envisioning the continued availability of those common law causes

of action [available under general maritime law]."  *Id*.  The purpose of the Jones

Act "'was remedial, for the benefit and protection of seamen who are peculiarly the

wards of admiralty.  Its purpose was to enlarge that protection, not to narrow it.'"

*Id*. (quoting *The Arizona v. Anelich*, 298 U.S. 110, 123 (1936)) (additional citations

omitted).

      *Townsend* also clarified how courts should interpret *Miles*.  The

*Townsend* petitioners argued that *Miles* limits recovery in maritime cases involving

death or personal injury to the remedies available by statute.  The Court found this

reading of *Miles* "far too broad."  *Id*. at 2572.  *Townsend* explained that *Miles*

grapples with the question "whether general maritime law should provide a cause

of action" where a federal statute has "displaced a general maritime rule."  *Id*.  As

set forth in *Townsend*, *Miles* concluded first, that the Jones Act "supported the

recognition of a general maritime action for wrongful death of a seaman" and

second, "that Congress' judgment must control the availability of remedies for

wrongful-death actions brought under general maritime law." *Id.* (citing *Miles*, 498 U.S. at 21, 24, 32-36). *Townsend* concluded that "[t]he reasoning of *Miles* remains sound." *Id.*

The Court explained that *Miles* does not preclude the recovery of punitive damages in general maritime law maintenance and cure actions. First, "unlike the situation presented in *Miles*, both the general maritime cause of action (maintenance and cure) and the remedy (punitive damages) were well established before the passage of the Jones Act." *Id.* Second, the "Jones Act does not address maintenance and cure or its remedy." *Id.* Although "seamen commonly seek to recover under the Jones Act for the wrongful withholding of maintenance and cure," that fact "does not mean that the Jones Act provides the only remedy for maintenance and cure claims." *Id.* at 2574. Finally, *Townsend* compared maintenance and cure actions with negligence actions:

> Like negligence, the general maritime law has recognized . . . for more than a century the duty of maintenance and cure and the general availability of punitive damages. And because respondent does not ask this Court to alter statutory text or 'expand' the general principles of maritime tort law, *Miles* does not require us to eliminate the general maritime remedy of punitive damages for the willful or wanton failure to comply with the duty to pay maintenance and cure. We assume that Congress is aware of existing law when it passes legislation, and the available history suggests that punitive damages were an established part of the maritime law in 1920.

12

*Id*. at 2573 (citation and quotations omitted).

Notably, *Townsend* leaves open the question of whether punitive damages may be recovered in claims brought pursuant to the Jones Act.  The Court noted that it "d[id] not address the dissent's argument that the Jones Act, by incorporating the provisions of [FELA], prohibits the recovery of punitive damages in actions under that statute."  *Id*. at 2575 n.12.  The footnote thus suggests the presence of an open question -- now at issue before this court -- and commentators expect the issue "will doubtless be the earliest and most hotly contested of the new issues that *Townsend* has opened up."  David W. Robertson, *Punitive Damages in U.S. Maritime Law:* Miles*,* Baker*, and* Townsend, 70 La. L. Rev. 463, 498 (2010).

## C.    Application

The court must determine whether *Kopczynski*'s holding that punitive damages may not be awarded in Jones Act negligence claims still controls following *Townsend* and the other precedents discussed above.  *Kopczynski* is binding on this court unless its holding is clearly irreconcilable with those decisions.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) ("We hold that the issues decided by the higher court need not be identical in order to be controlling. . .  In [] cases of such clear irreconcilability, . . . district courts should consider themselves bound by the intervening higher authority and reject the prior

13

opinion of this court as having been effectively overruled.").

The court finds no such clear irreconcilability. *Townsend* deliberately stated no opinion on whether "the Jones Act, by incorporating the provisions of [FELA], prohibits the recovery of punitive damages in actions under that statute." *Townsend*, 129 S. Ct. at 2575 n.12. *Townsend*'s three dissenters, meanwhile, argued that the Jones Act does, in fact, prohibit recovery of punitive damages. In an analysis mirroring the Ninth Circuit's approach in *Kopczynski*, the dissent in *Townsend* argued that "[w]hen Congress incorporated FELA unaltered into the Jones Act, Congress must have intended to incorporate FELA's limitation on damages as well. . . . It is therefore reasonable to assume that only compensatory damages may be recovered under the Jones Act." *Id.* at 2577 (Alito, J., dissenting) (citations omitted); *Kopczynski*, 742 F.2d at 560 (finding that punitive damages are not recoverable in Jones Act negligence claims because Congress incorporating FELA's damages limitation into the Jones Act). Given the majority's silence and the dissent's approval of the Ninth Circuit's approach, the court does not find that *Townsend* is clearly irreconcilable with *Kopczynski*.

Further, *Miles* supports *Kopczynski*'s holding that nonpecuniary damages are unavailable in Jones Act claims. *Miles* held that loss of society damages are unavailable in Jones Act wrongful death actions because in

14

"[i]ncorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well." *Miles*, 498 U.S. at 32 (citing *Vreeland*, 227 U.S. at 69-71). *Miles* found that loss of society damages were nonpecuniary and therefore barred by the Jones Act's pecuniary limitation on damages. *Id.* Like the *Townsend* dissent, *Miles* thus supports the Ninth Circuit's holding that the Jones Act incorporates FELA's pecuniary damages limitation. *Id.*; *Kopczynski*, 742 F.2d at 560 (citing *Vreeland*, 227 U.S. at 71-72). Given the Ninth Circuit's clear position that "punitive damages are non-pecuniary," *Kopczynski*, 742 F.2d at 561, *Miles*' holding that the Jones Act "incorporate[s] the pecuniary limitation on damages" must be read to preclude recovery for punitive damages in a Jones Act negligence claim. *Miles*, 498 U.S. at 32.

*Townsend*, in turn, does not call into question *Miles*' holding concerning the damages limitations applicable to the Jones Act. In fact, *Townsend* did not address the recovery of damages in Jones Act claims at all -- *Townsend* concerned only the recovery of punitive damages in a general maritime action *not* brought pursuant to the Jones Act. *Townsend* did, however, reject the view that *Miles* adopted a "uniform rule" limiting recovery in all maritime cases to the remedies available by statute. *Townsend*, 129 S. Ct. at 2572. That reading of *Miles* is incorrect, *Townsend* explained, because "*Miles* does not require us to

eliminate the general maritime remedy of punitive damages for the willful and wanton failure to comply with the duty to pay maintenance and cure." *Id*. at 2573. *Townsend* thus abrogated the Fifth Circuit's holding that "[i]f the situation is covered by [the Jones Act], and the statute informs and limits the available damages, the statute directs and delimits the recovery available under the general maritime law as well." *Guevara*, 59 F.3d at 1506. This limitation of *Miles* does not, however, cast doubt on the Court's holding that the Jones Act incorporated FELA's "pecuniary limitation on damages." *Miles*, 498 U.S. at 32. And because the present motion concerns Plaintiff's ability to collect non-pecuniary damages pursuant to his Jones Act negligence claim, *Townsend* offers Plaintiff no relief. *Kopczynski* is still binding and, as a result, punitive damages are not recoverable on Plaintiff's Jones Act negligence claim.

In opposition, Plaintiff contends that *Townsend* effectively overrules *Kopczynski*. Plaintiff argues that *Kopczynski* is no longer good law because of *Townsend*'s finding that "nothing in *Miles* or the Jones Act eliminates" the availability of punitive damages in general maritime actions for maintenance and cure. *Townsend*, 129 S. Ct. at 2565. Plaintiff emphasizes *Townsend*'s observation that Congress envisioned the continued availability of maritime common-law causes of action when it enacted the Jones Act. *Id*. at 2570. Plaintiff then argues

16

that *Townsend* stands for the proposition that nothing in *Miles* or the Jones Act

precludes the availability of punitive damages in any type of maritime action.

Plaintiff reads *Townsend* far too selectively.  *Townsend* did not

wholesale permit the recovery of punitive damages in maritime actions.  Instead,

*Townsend* concluded that punitive damages are available in a maintenance and cure

action because "both the general maritime cause of action (maintenance and cure)

and the remedy (punitive damages) were well established before the passage of the

Jones Act" and "the Jones Act does not address maintenance and cure or its

remedy."  *Id*. at 2572.  Thus, "nothing in *Miles* or the Jones Act eliminates" the

availability of punitive damages in a maintenance and cure action because both the

cause of action and the remedy pre-date the Jones Act and were unaltered by it.  *Id*.

at 2565.

The circumstances in this case differ significantly from the three

conditions emphasized in *Townsend*.  Plaintiff's Jones Act negligence cause of

action is not a common law maritime claim that pre-dates the Jones Act -- it arose

from the Jones Act itself.  As a result, Plaintiff's Jones Act negligence claim is

restricted by the conditions set forth in the Jones Act, including the statute's

incorporated limitation on non-pecuniary damages.  *Townsend*'s conclusion that

"nothing in *Miles* or the Jones Act eliminates" the availability of punitive damages

17

in a common law maintenance and cure action relates to whether *Miles*, with its discussion of the Jones Act, limits a well-established common law right to punitive damages for maintenance and cure; it does not impact in any way the remedies available under the Jones Act itself.

In further opposition, Plaintiff contends that *Kopczynski* incorrectly held that "[p]unitive damages are non-pecuniary." *Kopczynski*, 742 F.2d at 561. Plaintiff argues that the notion that punitive damages are nonpecuniary is "mind-numbing" and that the pecuniary versus nonpecuniary distinction "has no useful applicability to the punitive damages debate." Pl.'s Opp'n at 15 (citing David W. Robertson, Punitive Damages in American Maritime Law, 28 J. Mar. L. & Com. 73, 164 (1997)). Plaintiff further argues that if the terms pecuniary and nonpecuniary are used, then punitive damages are more properly categorized as pecuniary damages because they can be estimated and monetarily compensated. *Id*. at 16. Although the terms pecuniary and nonpecuniary may be dated, *see* Black's Law Dictionary (8th ed. 2004), the Supreme Court's discussion of nonpecuniary damages in *Miles* strongly suggests that these terms are not yet obsolete. Further, *Kopczynski* made a definite statement that "[p]unitive damages are non-pecuniary." *Kopczynski*, 742 F.2d at 561. Simply put, this statement is the law in the Ninth Circuit. As a result, the court finds unpersuasive Plaintiff's

argument that punitive damages are not nonpecuniary.

In sum, the courts finds *Kopczynski* controlling.  Accordingly, the court GRANTS Defendant's Motion to dismiss Plaintiff's plea for punitive damages on his Jones Act negligence claim.

## IV.  CONCLUSION

Based on the above, the court GRANTS Defendant's Motion to Dismiss Plaintiff's claim for punitive damages claim under the Jones Act. Plaintiff's plea for punitive damages pursuant to Counts II (unseaworthiness) and IV (vessel owner negligence) remains.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 13, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Wagner v. Kona Blue Water Farms, LLC*, Civ. No. 09-00600 JMS/BMK, Order Granting Defendant's Motion to Dismiss Plaintiff's Claim for Punitive Damages Under the Jones Act